UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELEONORA SRUGO,

*Plaintiff,*

-against-

EXPERIAN INFORMATION SOLUTIONS, INC., AND CITIBANK, N.A.

*Defendants.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Eleonora Srugo ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

**Introduction**

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Citibank, N.A. ("Citibank" or the "Furnisher Defendant"), and against Defendant Experian Information Solutions, Inc. ("Experian" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

**Jurisdiction and Venue**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).
4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in New York, NY.
6. Defendant Citibank is a domestic entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.
7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

8. Plaintiff had a Citibank account that was charged off on or about January 15, 2021.
9. Plaintiff's Citibank account was referred to McCarthy & Burgess for collections on or about June 18, 2021.
10. Plaintiff settled the Citibank account in or about September 2021.
11. Following Plaintiff's settlement of the account, Plaintiff had no further payment obligation on the Citibank account.
12. Despite Plaintiff's settlement of the Citibank account, Experian continued to report late-payment and/or delinquency information concerning Plaintiff for periods after September 2021 (hereinafter "Inaccurate Tradeline").
13. Experian's continued reporting of late-payment and/or delinquency information inaccurately represented that Plaintiff remained delinquent on the Citibank account after Plaintiff had settled the account.
14. Experian published the Inaccurate Tradeline to American Express on or around August 16, 2026. This publication defamed Plaintiff, thereby:

a. Giving American Express the false impression that Plaintiff was a poor credit risk.

b. Impugning Plaintiff's reputation and character.

c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Experian Dispute*

15. In or around June 2026, Plaintiff disputed the Inaccurate Tradeline to Experian.

16. Upon information and belief, Experian notified Citibank about the Dispute.

17. After Plaintiff's dispute and upon information and belief, Citibank verified to Experian that the Inaccurate Tradeline was reporting accurately even though Citibank could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

18. Experian, in turn, continued to report the disputed Inaccurate Tradeline even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated July 31, 2026.

***Damages***

19. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

20. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

21. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and

omissions, published inaccurate information about Plaintiff to third parties.

22. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress has manifested itself through difficulty sleeping, frustration, agitation, embarrassment, humiliation, and instances of crying.

    b. Plaintiff was defamed by each Defendant, both of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

23. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

24. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**First Cause of Action**
**Violation of the FCRA by Citibank, N.A.**
**(Furnisher Defendant)**

25. Because of its unlawful reporting and verification of the Inaccurate Tradeline, Furnisher Defendant Citibank is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

a. failing to conduct a reasonable investigation of Plaintiff's dispute of the Inaccurate Tradeline reporting on Plaintiff's Experian credit report after, upon information and belief, Citibank received notice of Plaintiff's dispute from Experian;

b. failing to review all relevant information provided to Citibank by Experian concerning Plaintiff's dispute of the Inaccurate Tradeline;

c. failing to promptly modify, delete, or permanently block any and all information about the disputed Inaccurate Tradeline that Citibank, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

d. falsely representing to Experian that Plaintiff was delinquent on the Citibank account.

**Second Cause of Action**
**Violations of the FCRA by Experian Information Solutions, Inc.**
**(Consumer Reporting Agency)**

*Violation of FCRA § 1681e(b)*

26. Experian violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Inaccurate Tradeline.

*Violation of FCRA § 1681i*

27. Experian violated FCRA § 1681i(a)(1) by failing to conduct a reasonable reinvestigation of the Inaccurate Tradeline after Plaintiff disputed its accuracy to determine whether the Inaccurate Tradeline was accurately reporting.
28. Experian violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's dispute of the Inaccurate Tradeline.
29. Experian violated FCRA § 1681i(a)(5) by failing to promptly delete the Inaccurate Tradeline from its consumer file for Plaintiff despite the fact that Experian, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.
2. A correction of any inaccurate consumer reporting.
3. Such other and further relief as may be necessary, just, and proper.

**<u>Demand For Jury Trial</u>**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*<u>/s/ Servando Martinez</u>*
Servando Martinez
**Sherman & Ticchio PLLC**
servando@st-legal.com
120 N. Main Street, Suite 302(b)
New City, NY 10956
212.324.3874